UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

CHARLES KINNEY,

    Plaintiff,

    v.

TYSON TAKEUCHI, et al.,

    Defendants.

Case No. 3:16-cv-02018-LB

**ORDER TRANSFERRING CASE**

[ECF No. 20]

## INTRODUCTION

The plaintiff Charles Kinney sued Tyson Takeuchi and Michele Clark, residents of Los Angeles County, for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Fair Debt Collections Practices Act ("FDCPA").[1] An ongoing dispute between Mr. Kinney and Ms. Clark began in 2005 when she sold him a home in Los Angeles known as the Fernwood property.[2] In a Los Angeles Superior Court case, Ms. Clark allegedly obtained liens on at least one of Mr. Kinney's properties in Alameda County as a judgment creditor.[3] Mr. Kinney alleges that this violates the FDCPA and RICO.[4] Mr. Takeuchi is Ms. Clark's bankruptcy attorney;

---

[1] First Amended Compl. ("FAC") — ECF No. 9. Citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Motion for Change of Venue – ECF No. 20 at 3.
[3] FAC – ECF No. 9 at 5.
[4] *Id.* at 17-18.

ORDER (No. 3:16-cv-02018-LB)

Ms. Clark filed for Chapter 7 bankruptcy in 2010.[5] The defendants recount Mr. Kinney's many lawsuits surrounding the Fernwood property, including his civil RICO suit in 2014 and his FDCPA suit in 2016 that the undersigned transferred to the Central District of California. *See Kinney v. Chomsky*, No. 3:14-cv-02187-LB, Order – ECF No. 27 (N.D. Cal. July 25, 2014); *Kinney v. Marcus*, No. 3:16-cv-01260-LB, Order – ECF No. 29 (N.D. Cal. May 11, 2016).[6] Mr. Kinney complains about many of the same transactions and alleges many of the same facts in all lawsuits, albeit sometimes under different legal theories.[7] The defendants move to transfer the case to the Central District of California under 28 U.S.C. § 1404(a).[8] The parties consented to magistrate-judge jurisdiction.[9] The court finds that it can decide the matter without oral argument under Civil Local Rule 7-1(b). The court grants the motion to transfer.

## GOVERNING LAW

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although Congress drafted § 1404(a) in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision rather than a codification of the common law. *Piper Aircraft v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Thus, a § 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood*, 349 U.S. at 32.

The burden is upon the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Los Angeles Mem'l*

---

[5] *Id.* at 7.

[6] Notice of Related Cases — ECF No. 19.

[7] *See generally* FAC – ECF No. 9.

[8] Motion — ECF No. 20 at 1-2.

[9] Consents — ECF Nos. 7, 22. Mr. Kinney later filed a declination to the undersigned's jurisdiction (*see* ECF No. 31), but his prior consent was to magistrate-judge jurisdiction generally (as opposed to consent to a particular magistrate judge). In any event, the court may grant this non-dispositive motion to transfer venue. *See Pavao v. Unifund CCR* Partners, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) (collecting cases).

ORDER (No. 3:16-cv-02018-LB)          2

*Coliseum Com'n v. Nat'l Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981), *aff'd*, 726 F.2d 1381, 1399 (9th Cir. 1984). Nonetheless, the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356, 1358 (9th Cir. 1970).

An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *E & J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing 28 U.S.C. § 1404(a)). The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted under § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. Courts may also consider "the administrative difficulties flowing from court congestion . . . [and] the 'local interest in having localized controversies decided at home.'" *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6).

Generally, the court affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). But when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. *Id*. "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id*.

## ANALYSIS

The defendants have met their burden to show that transfer is appropriate.

First, Mr. Kinney could have brought his action in the Central District. The general venue requirements of 28 U.S.C. § 1391(b) are met because all defendants reside in the Central District, a substantial part of the events occurred there, and all three defendants may be found there. Mr. Kinney does not dispute this in his opposition.

Second, the defendants have shown that transfer serves the convenience of the parties and will promote the interests of justice. The defendants live and work in Los Angeles, the property is there, Mr. Kinney litigated cases about the Fernwood property there, and the witnesses are there, 400 miles away, outside the reach of compulsory process. The docket sheet reflects that Mr. Kinney is a lawyer with law offices in Oakland, but he has a home in Los Angeles and thus resides here and in the Central District. As for promoting the interests of justice, only one factor supports keeping the case here: Mr. Kinney's choice of forum. The remaining factors favor transfer. As the court held previously, to the extent that there are some contacts here (such as the allegations that Ms. Clark improperly filed and recorded liens against Mr. Kinney's property here), everything else took place in the Central District.[10]

In sum, the court concludes that the defendants met their burden to show that transfer of the lawsuit to the Central District of California is appropriate under 28 U.S.C. § 1404(a).

## CONCLUSION

The court grants the defendants' motion to transfer and transfers the case to the Central District of California. The court grants the request to take judicial notice of public-record documents showing the existence of other litigation (but does not take judicial notice of the facts contained in the documents). This disposes of ECF No. 20.

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

[10] Order, Case No. 3:14-cv-02187-LB — ECF No. 27 at 6-7.